IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JEAN CLAUDE CEIDE,

      Plaintiff,

      v.

MICHAEL BRECKON, et al.,

      Defendants.

CIVIL ACTION NO.: 5:25-cv-27

# O R D E R

Plaintiff filed this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Doc. 1.  The Court ordered Plaintiff to file an Amended Complaint on November 5, 2025.  Doc. 18.  Plaintiff submitted an Amended Complaint on December 1, 2025, asserting the same claims as he did in his original Complaint.  Doc. 19.  The Court now conducts its frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **DISMISS** Plaintiff's Amended Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

## PLAINTIFF'S CLAIMS[2]

At the time the allegations in the Complaint, as amended, occurred, Plaintiff was an immigration detainee at the Folkston Immigration and Customs Enforcement ("ICE") Processing

---

[1]     Plaintiff has consented to the undersigned's plenary review.  Docs. 3, 13.

[2]     All allegations set forth here are taken from Plaintiff's Amended Complaint.  Doc. 19.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Center.  Doc. 19.  Plaintiff does not make detailed factual allegations in his Complaint but alleges that his right "to medical records and medical services" was violated "due to injury accrued by Folkston ICE Processing Center Staff."  Doc. 1 at 5.  Plaintiff alleges that prison staff "refused to remove a detainer for a coterminous sentence despite being repeatedly ordered to." Id.  Plaintiff alleges that prison staff raised his security classification in retaliation after he initiated the grievance process regarding these events.  Id.  Plaintiff seeks immediate release from federal custody, as well as monetary damages.  Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.    Plaintiff Fails to State a Claim for Relief

I ordered Plaintiff to amend his Complaint for two reasons.  First, Plaintiff's Complaint contained many attachments, but Plaintiff failed to "clearly describe or state his claims." Doc. 18 at 2.  Plaintiff also failed to make a specific request for relief.  Id. at 3.  In his Amended Complaint, Plaintiff has made a specific request for relief by stating, "I require the Facility to approve my claim for outside surgery to correct the damages done."  Doc. 19 at 6.  However, Plaintiff has again failed to provide any factual detail in support of his claims.

Outside of his request for relief and a description of his injuries, Plaintiff's Amended Complaint is identical, to the letter, to his original Complaint.  Plaintiff makes no factual recitation whatsoever.  The only reference Plaintiff makes to any facts is his statement: "Please see attached 'grievance' for full detail breakdown to this question."  Id.  However, Plaintiff's Amended Complaint includes no attachments.  As is, the Amended Complaint includes no factual allegations from which the Court can construe a federal claim, even liberally construed. Plaintiff, therefore, plainly fails to state a claim for relief in his Amended Complaint.

### II.    Leave to Appeal *in Forma Pauperis*

I also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); seealso Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

I **DISMISS** Plaintiff's Amended Complaint in its entirety, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 23rd day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA